**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4697**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

MARTIN VILLANUEVA-BALCAZAR,

             Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Senior District Judge.  (1:07-cr-00378-NCT-1)

Submitted:  July 26, 2010            Decided:  August 12, 2010

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joseph M. Wilson, Jr., MERRITT, FLEBOTTE, WILSON, WEBB & CARUSO,
PLLC, Durham, North Carolina, for Appellant.   Anna Mills
Wagoner, United States Attorney, Lisa B. Boggs, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martin Villanueva-Balcazar pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (2006). The district court calculated Villanueva-Balcazar's Guidelines range at 87 to 108 months' imprisonment, see U.S. Sentencing Guidelines Manual (2007), and sentenced him to 98 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in accepting Villanueva-Balcazar's guilty plea. Villanueva-Balcazar was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. Contrary to counsel's suggestion, Villanueva-Balcazar did not move in the district court to withdraw his guilty plea. Accordingly, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Villanueva-Balcazar's guilty plea and that

2

the court's omissions did not affect his substantial rights. Critically, the transcript reveals that the district court ensured the plea was supported by an independent factual basis and that Villanueva-Balcazar entered the plea knowingly and voluntarily with an understanding of the consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of Villanueva-Balcazar's guilty plea.

We review Villanueva-Balcazar's sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also

3

"state in open court the particular reasons supporting its chosen sentence," id., but, "[w]hen imposing a sentence within the Guidelines, . . . the [court's] explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy," United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

If the sentence is free of procedural error, we then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, this court applies a presumption on appeal that the sentence is reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).

In this case, the district court correctly calculated the advisory Guidelines range and heard argument from Villanueva-Balcazar's counsel and allocution from Villanueva-Balcazar. The court made an individualized assessment of the sentencing factors before it, and counsel and Villanueva-Balcazar fail to overcome the appellate presumption of reasonableness afforded the within-Guidelines sentence. Accordingly, we conclude that the district court did not abuse its discretion in imposing sentence.

We therefore affirm the district court's judgment. This court requires that counsel inform Villanueva-Balcazar, in writing, of the right to petition the Supreme Court of the United States for further review. If Villanueva-Balcazar requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Villanueva-Balcazar. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>